ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 5 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

RASHAWN BUTLER and ROBERT : 
WHITEHEAD, Individually and as the :
Natural Parents of RASHUNDRA :
WHITEHEAD, Deceased, and :
RASHAWN BUTLER as Administrator :
of the Estate of RASHUNDRA :
WHITEHEAD, :
                                  :

        Plaintiffs, :
                                    :      CIVIL ACTION NO.

      vs. :

WEST END MEDICAL CENTERS, :
INC., LINDA CANNON, M.D., ANGELA :  **1 : 07-CV-2336**
HALL, M.D., STEVEN GARMON, M.D. :
and NECOLE WASHINGTON, M.D. :
                                    :

        Defendants. :

## NOTICE OF REMOVAL

TO:  The United States District Court for the Northern District of Georgia

    PLEASE TAKE NOTICE THAT pursuant to Title 28 U.S.C. § 2679(b) and 42

U.S.C. § 233 and on behalf of defendants West End Medical Centers, Inc., Linda

Cannon, M.D., Angela Hall, M.D., Steven Garmon, M.D. and Necole Washington,

M.D., David E. Nahmias, United States Attorney for the Northern District of

Georgia, respectfully files this Notice of Removal, and in support of such removal,

states as follows:

1. On or about the 11ᵗʰ day of July, 2007, a civil action, Case No. 07-EV002743C, was commenced against defendants West End Medical Center, Inc., Steven Garmon, M.D. and Necole Washington, M.D. in the State Court of Fulton County, Georgia. A copy of the summons and complaint is attached hereto.

2. The Complaint alleges that beginning in July, 2003, the deceased was a pediatric patient at West End Medical Centers, Inc. Plaintiffs also allege that as part of the deceased's "well child" visits, she was given a series of routine vaccinations. Plaintiffs further allege that Defendants breached the duty of care owed to Rashundra Whitehead by failing to administer the required doses of the Haemophilus Influenzae Type b ("Hib") and Pneumococcal conjugate PCV7 ("Prevnar") Vaccines. Complaint, ¶¶ 12,13. Finally, Plaintiffs allege that the negligence of Defendants resulted in physical and emotional pain and suffering and ultimately the wrongful death of Rashundra Whitehead. Complaint, ¶¶ 23, 29. Plaintiffs bring this action for medical malpractice and wrongful death. Complaint, ¶ 30.

3. Defendant West End Medical Centers, Inc., a federally supported health center covered by The Federally Supported Health Centers Assistance Act of 1992

-2-

(Pub. L. 102-501), was deemed eligible for Federal Tort Claims Act coverage on

July 1, 1993 and renewed its deemed status on June 23, 1996, January 1, 2005 and

January 1, 2006. Defendants Linda Cannon, M.D., Angela Hall, M.D., Steven

Garmon, M.D. and Necole Washington, M.D. were at various times between 2003

and the present employees of the West End Medical Centers, Inc. Defendants are

deemed to be federal employees covered by 42 U.S.C. § 233(a) for acts and

omissions that occurred while the deeming letters were in effect.

4. The applicable version of 42 U.S.C. § 233(a) provides:

The remedy against the United States provided by sections 1346(b)
and 2672 of Title 28, or by alternative benefits provided by the United
States where the availability of such benefits precludes a remedy
under section 1346(b) of Title 28, for damage for personal injury,
including death, resulting from the performance of medical, surgical,
dental or related functions, including the conduct of clinical studies or
investigation, by any commissioned officer or employee of the Public
Health Service while acting within the scope of his office or
employment, shall be exclusive of any other civil action or proceeding
by reason of the same subject matter against the officer or employee
(or his estate) whose act or omission gave rise to the claim.

Upon certification by the Attorney General or his designee that the

defendants were acting within the scope of their federal employment at the time of

the incident out of which the lawsuit arose, the action is deemed one against the

United States, and the United States must be substituted as a defendant in place of

-3-

the named defendants.  42 U.S.C. § 233(c).

5. The above-captioned action is one which may be removed without bond
to this court at any time before trial pursuant to 42 U.S.C. § 233(c).

6. Attached hereto is a certification signed by the United States Attorney for
the Northern District of Georgia, that defendants were acting within the scope of
their federal employment at the time of acts and omissions alleged in the lawsuit.

WHEREFORE, defendants pray that the above-styled case now pending in
the State Court of Fulton County, State of Georgia, be removed therefrom to this
court.

This 25th day of September, 2007.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

LISA D. COOPER
ASSISTANT U. S. ATTORNEY
Georgia Bar No. 186165
600 Richard B. Russell Bldg.
75 Spring Street, S.W.
Atlanta, Georgia  30303
404/581-6249 tel
404/581-6150 fax

-4-

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been

prepared with one of the font and point selections approved by the Court in LR

5.1B for documents prepared by computer.

LISA D. COOPER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 186165

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing Notice of Removal

with the Clerk of the Court using the CM/ECF system, which will automatically

send email notification of such filing to the following attorney of record:

> Hezekiah Sistrunk, Jr.
> Audrey Tolson
> Cochran, Cherry, Givens Smith, Sistrunk & Sams, P.C.
> 800 The Candler Bldg.
> 127 Peachtree St. NE
> Atlanta, Georgia 30303

This 25th day of September, 2007.

LISA D. COOPER
Assistant U.S. Attorney

WRITE IN THIS SPACE

COPY

GEORGIA
FULTON COUNTY

# 2ND ORIGINAL

STATE COURT OF FULTON COUNTY
(Civil Division)

Rashawn Butler & Robert Whitehead,
Individually and as the Natural Parents
of Rashundra Whitehead Deceased, and
Rashawn Butler as Administrator of
the Estate of Rashundra Whitehead

***ATTORNEYS AND DEFENDANTS NOTE-DESIGNATED E-FILE CASE***
CONTACT THE COURT AT 404-730-5040
AND LEXIS CUSTOMER SERVICE AT 1-888-529-7587

(Plaintiff's Name and Address)
vs.

West End Medical Centers, Inc.;
Linda Cannon, M.D.; Angela Hall, M.D.;

Steven Garmon, M.D.; Nicole Washington, M.D.
(Defendant's Name and Address)

| TYPE OF SUIT | | AMOUNT OF SUIT | |
|---|---|---|---|
| ☐ Account | | Principal | $ _____ |
| ☐ Contract | | | |
| ☐ Note | | Interest | $ _____ |
| ☐ Tort | | | |
| ☑ Travel | | Atty. Fees | $ _____ |
| ☐ Special Lien | | | |
| ☐ Foreign Judgment | | Ct. Costs | $ _____ |
| ☐ Personal Injury | | | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:
    You are hereby required to file with the Clerk of said court and to serve a copy on the
Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Audrey Tolson, Esq.
(Name)
127 Peachtree St. Suite 800, Atlanta,
(Address)                     GA 30303
404. 222. 9922
(Phone No.)

an answer to the complaint which is herewith served on you, within (30) days after service
on you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint, plus cost of this action.
This _____

——— *Donna Jones-Frederick, Chief Deputy Clerk* ———

DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED, if desired, in the Clerk's Office at
TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia
30303.
    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more
Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making
written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition
is sworn to, or if suit is based on an unconditional contract in writing, then the
DEFENDANT'S ANSWER MUST BE SWORN TO.
    If the principal sum claimed in the suit, or value of the property sued for, is less
than $300.00 and is on a note, unconditional contract, account sworn to, or the petition
sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a
defense.

SERVED: This _ 18 _ day of July

Sgt. M. Middlebrooks  422
DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

(Staple to front of SERVICE COPY of complaint)

14-014-1094

# ATTACHMENT 1

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RASHAWN BUTLER & ROBERT )<br>WHITEHEAD, Individually and as the Natural )<br>PARENTS of RASHUNDRA WHITEHEAD )<br>Deceased, and RASHAWN BUTLER as )<br>Administrator of the Estate of RASHUNDRA )<br>WHITEHEAD )<br>    Plaintiff )<br>    )<br>    )<br>vs. )<br>    )<br>WEST END MEDICAL CENTERS, INC.; )<br>LINDA CANNON, M.D.; ANGELA )<br>HALL, M.D.; STEVEN GARMON, M.D.; )<br>NECOLE WASHINGTON, M.D. )<br>    Defendants. )<br>    ) | CIVIL ACTON<br>FILE NO: _____ |

## PLAINTIFFS' COMPLAINT FOR MEDICAL MALPRACTICE AND DEMAND FOR JURY TRIAL

COME NOW, the Plaintiffs in the above-styled matter and shows this Honorable Court

the following:

### *I. IDENTIFICATION OF PARTIES - JURISDICTION AND VENUE*

1.

Plaintiffs Rashawn Butler and Robert Whitehead as natural parents of Rashundra

Whitehead, deceased, and Rashawn Butler as Administrator of the Estate of Rashundra

Whitehead are residents of the State of Georgia and file this action on behalf of their deceased

daughter, Rashundra Whitehead.

2.

West End Medical Centers, Inc. ("Defendant West End") is licensed to do business in the

state of Georgia. It may be served through its registered agent, George L. Howell, 1349 West

Peachtree Street, NW Suite 1500, Atlanta, Georgia, 30309, Fulton County.  Defendant West End
is subject to the jurisdiction and venue of this court.

3.

Linda Cannon, M.D. ("Dr. Cannon") is a physician licensed to practice medicine in the
state of Georgia. She may be served at his residential address at 5000 Highland Lake Dr #D,
Atlanta, Georgia 30349, Fulton County. Defendant Cannon is subject to the jurisdiction and
venue of this court

4.

Angela Hall, M.D. ("Dr. Hall") is a physician licensed to practice medicine in the state of
Georgia. She may be served at his residential address at 3389 Walnut Ridge, Atlanta, Georgia
30349, Fulton County. Defendant Hall is subject to the jurisdiction and venue of this court.

5.

Steven Garmon, M.D. ("Dr. Garmon") is a physician licensed to practice medicine in the
State of Georgia  She may be served at her residential address at 901 Bibb St, Tuskegee
Institute, Alabama 36088, Macon County. Defendant Garmon is subject to the jurisdiction and
venue of this court.

6.

Necole Washington, M.D. ("Dr. Washington") is a physician licensed to practice
medicine in the State of Georgia. She may be served at her residential address at 16525
Governor Bridge Rd, Apt 305, Bowie, Maryland, 20716, Prince George's County. Defendant
Washington is subject to the jurisdiction and venue of this court.

Page 2

7.

At all relevant times, Dr. Cannon, Dr. Hall, Dr.Garmon, and Dr. Washington are joint feasors and were employees and/or agents or ostensible agents of Defendant West End at the time they provided care and treatment to Rashundra Whitehead. Defendant West End is liable for their actions in this case as joint tortfeasors and under the theory of respondeat superior.

## II.   *FACTS*

8.

The Plaintiffs specifically reassert and incorporate by reference each and every allegation contained in Paragraphs 1 through 7 above as if fully set forth herein.

9.

On July 22, 2003, at one week old, Rashundra Whitehead became a pediatric patient at West End Medical Centers, Inc, her primary care physicians.

10.

Over the next two years, Rashundra Whitehead was seen periodically by physicians at West End Medical Centers, Inc. for both "well child" and sick visits.

11.

As a part of several of her "well child" visits, Rashundra was given a series of routine vaccinations to protect her against various childhood diseases.

12

The required dose of the Haemophilus Influenzae Tybe b (Hib) vaccination was ever administered to Rashundra.

13.

The required dose of the Pneumococcal conjugate vaccine PCV7 (Prevnar) vaccination was ever administered to Rashundra.

14.

On July 1, 2005, at approximately 9:30 a.m., Rashundra visited West End Medical Centers, Inc, and was seen by Angela M. Hall, M.D. Her chief complaints were temperature and fatigue. During that visit, Rashundra's vitals were as follows: Temperature 104.4 R, Pulse 136, Respirations 32, and she had a pain score of 10/10.

15.

After the visit, Rashundra was sent home with instructions to drink Pedialyte or Gatorade in small quantities frequently and take Motrin every 6-8 hours.

16.

On July 1, 2005, at approximately 8:30 pm, Rashundra's mother noted that Rashundra was lethargic and having difficulty breathing.

17.

On July 1, 2005, at approximately 9:18 pm, while being driven to the ER by her mother, Rashundra stopped breathing.

18.

On July 1, 2005, at approximately 9:25 pm, EMS arrived to find Rashundra with a Pulse rate of 0 (zero) and Respiration rate of 0 (zero).

19.

On July 1, 2005, at approximately 9:43 pm, Rashundra arrived at Hughes Spalding Children's Hospital and was unresponsive with both pupils fixed and dilated.

20.

Rescucitative efforts were unsuccessful and Rashundra was pronounced dead at 9:59p.m.

21.

Subsequent autopsy revealed that Rashundra died of acute bronchopnueumonia, which is preventable upon the administration of 4 complete doses of the Hib and Prevnar vaccines.

## III. Medical Malpractice

22.

The Plaintiff specifically reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above as if fully set forth herein.

23.

The Defendants are all joint tort feasors. As a direct and proximate result of the joint and several negligence of all the above named Defendants, Rashundra Whitehead suffered physical and emotional pain and suffering, and ultimately death.

24.

Defendants West End Medical Center, Inc., Cannon, Hall, Garmon & Washington owed a duty to provide that degree of care provided by physicians generally under the same or similar circumstances as those presented to them by Rashundra. These Defendants breached that duty by failing to administer the 4th doses of the Hib and Prevnar Vaccines.

25.

Defendants West End Medical Center, Inc. and Hall owed a duty to provide that degree of care provided by physicians generally under the same or similar circumstances as those presented to them by Rashundra on July 1, 2005. This Defendant breached that duty by failing to perform an adequate work-up for a fever of 104.4 degrees Fahrenheit.

26.

Pursuant to O.C.G.A. § 9-11-9.1, the Plaintiff attaches as Exhibit "1" and incorporate by reference, the affidavit of Armando Correa, M.D. a duly qualified pediatrician, competent to testify in this matter, setting forth at least one particular act of negligence by Defendants Drs. Cannon, Hall, Garmon and Washington and thus fulfilling the requirement of O.C.G.A. § 9-11-9.1 as to these Defendants.

27.

Plaintiff attaches as Exhibit "2" an authorization for these Defendants to obtain Rashundra's medical records.

## IV. DAMAGES – WRONGFUL DEATH, PAIN AND SUFFERING

28.

Plaintiff specially reasserts and incorporate by reference each and every allegation contained in Paragraphs 1 through 27 as if fully set forth herein.

29.

All of the named Defendants are joint tort feasors. Their negligence jointly, and severally and proximately caused Rahundra Whitehead's death.

30.

Rashawn Butler and Robert Whitehead, Individually and as natural parents of Rashundra Whitehead, and Rashawn Butler as personal representative of Rashundra Whitehead are authorized to bring this wrongful death action and personal injury claim.

31.

As a result of the negligence of these Defendants as described herein above, Rashundra Whitehead suffered physical pain, suffering, emotional distress and died. Also, the estate of Rashundra Whitehead incurred medical, funeral and burial expenses.

32.

WHEREFORE, the Plaintiff prays:

1) That they have a trial by jury;

2) That they have issuance of service of process by law;

3) That a judgment be entered against all of the Defendants jointly and severally, as joint tort feasors, and for the Plaintiff in excess of $10,000 for the wrongful death of Rashundra Whitehead and for her pain, suffering, burial and funeral expenses;

4) That all cost be assessed against the Defendants;

5) That they recover all damages permitted by law and determined to be just and proper by this Court.

This _27th_ day of June, 2007.

_/s/_____

Hezekiah Sistrunk, Jr.
State Bar No. 649413
Audrey Tolson
Georgia Bar No. 714321
Jane Lamberti Sams
Georgia Bar No. 432025

*Attorneys for the Plaintiffs*

COCHRAN CHERRY GIVENS SMITH, SISTRUNK & SAMS, P.C.
800 The Candler Building
127 Peachtree Street, NE
Atlanta, Georgia 30303
(404)222-9922

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RASHAWN BUTLER and ROBERT          :
WHITEHEAD, Individually and as the :
Natural Parents of RASHUNDRA       :
WHITEHEAD, Deceased, and           :
RASHAWN BUTLER as Administrator    :     CIVIL ACTION NO.
of the Estate of RASHUNDRA         :
WHITEHEAD,                         :
                                   :
        Plaintiffs,                :
                                   :
vs.                                :
                                   :
WEST END MEDICAL CENTERS,          :
INC., LINDA CANNON, M.D., ANGELA   :
HALL, M.D., STEVEN GARMON, M.D.    :
and NECOLE WASHINGTON, M.D.        :
                                   :
        Defendants.                :

## CERTIFICATION

Pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(c), David E.

Nahmias, the United States Attorney for the Northern District of Georgia, hereby

certifies that based upon the information currently available, he is of the opinion

that West End Medical Centers, Inc., Linda Cannon, M.D., Angela Hall, M.D.,

Steven Garmon, M.D. and Necole Washington, M.D. were acting within the scope

of their employment as employees of the United States of America for the acts

**ATTACHMENT 2**

alleged in this lawsuit.

This 25th day of _____ September _____, 2007.

_____
DAVID E. NAHMIAS
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF GEORGIA

600 Richard B. Russell Bldg.
75 Spring St. SW
Atlanta, GA 30303

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

RASHAWN BUTLER & ROBERT )
WHITEHEAD, Individually and as the Natural )
PARENTS of RASHUNDRA WHITEHEAD )
Deceased, and RASHAWN BUTLER as )
Administrator of the Estate of RASHUNDRA )
WHITEHEAD )
    Plaintiff )
 )
vs. )
 )
WEST END MEDICAL CENTERS, INC.; )
LINDA CANNON, M.D.; ANGELA )
HALL, M.D.; STEVEN GARMON, M.D.; )
NECOLE WASHINGTON, M.D. )
    Defendants. )
                                                 )

CIVIL ACTON
FILE NO: _____

## PLAINTIFFS' COMPLAINT FOR MEDICAL MALPRACTICE AND DEMAND FOR JURY TRIAL

COME NOW, the Plaintiffs in the above-styled matter and shows this Honorable Court

the following:

### I. IDENTIFICATION OF PARTIES - JURISDICTION AND VENUE

1.

Plaintiffs Rashawn Butler and Robert Whitehead as natural parents of Rashundra

Whitehead, deceased, and Rashawn Butler as Administrator of the Estate of Rashundra

Whitehead are residents of the State of Georgia and file this action on behalf of their deceased

daughter, Rashundra Whitehead.

2.

West End Medical Centers, Inc. ("Defendant West End") is licensed to do business in the

state of Georgia. It may be served through its registered agent, George L. Howell, 1349 West

Peachtree Street, NW Suite 1500, Atlanta, Georgia, 30309, Fulton County. Defendant West End is subject to the jurisdiction and venue of this court.

3.

Linda Cannon, M.D. ("Dr. Cannon") is a physician licensed to practice medicine in the state of Georgia. She may be served at his residential address at 5000 Highland Lake Dr #D, Atlanta, Georgia 30349, Fulton County. Defendant Cannon is subject to the jurisdiction and venue of this court.

4.

Angela Hall, M.D. ("Dr. Hall") is a physician licensed to practice medicine in the state of Georgia. She may be served at his residential address at 3389 Walnut Ridge, Atlanta, Georgia 30349, Fulton County. Defendant Hall is subject to the jurisdiction and venue of this court.

5.

Steven Garmon, M.D. ("Dr. Garmon") is a physician licensed to practice medicine in the State of Georgia. She may be served at her residential address at 901 Bibb St, Tuskegee Institute, Alabama 36088, Macon County. Defendant Garmon is subject to the jurisdiction and venue of this court.

6.

Necole Washington, M.D. ("Dr. Washington") is a physician licensed to practice medicine in the State of Georgia. She may be served at her residential address at 16525 Governor Bridge Rd, Apt 305, Bowie, Maryland, 20716, Prince George's County. Defendant Washington is subject to the jurisdiction and venue of this court.

7.

At all relevant times, Dr. Cannon, Dr. Hall, Dr.Garmon, and Dr. Washington are joint feasors and were employees and/or agents or ostensible agents of Defendant West End at the time they provided care and treatment to Rashundra Whitehead. Defendant West End is liable for their actions in this case as joint tortfeasors and under the theory of respondeat superior.

## II. FACTS

8.

The Plaintiffs specifically reassert and incorporate by reference each and every allegation contained in Paragraphs 1 through 7 above as if fully set forth herein.

9.

On July 22, 2003, at one week old, Rashundra Whitehead became a pediatric patient at West End Medical Centers, Inc, her primary care physicians.

10.

Over the next two years, Rashundra Whitehead was seen periodically by physicians at West End Medical Centers, Inc. for both "well child" and sick visits.

11.

As a part of several of her "well child" visits, Rashundra was given a series of routine vaccinations to protect her against various childhood diseases.

12

The required dose of the Haemophilus Influenzae Tybe b (Hib) vaccination was ever administered to Rashundra.

13.

The required dose of the Pneumococcal conjugate vaccine PCV7 (Prevnar) vaccination was ever administered to Rashundra.

14.

On July 1, 2005, at approximately 9:30 a.m., Rashundra visited West End Medical Centers, Inc, and was seen by Angela M. Hall, M.D. Her chief complaints were temperature and fatigue. During that visit, Rashundra's vitals were as follows: Temperature 104.4 R, Pulse 136, Respirations 32, and she had a pain score of 10/10.

15.

After the visit, Rashundra was sent home with instructions to drink Pedialyte or Gatorade in small quantities frequently and take Motrin every 6-8 hours.

16.

On July 1, 2005, at approximately 8:30 pm, Rashundra's mother noted that Rashundra was lethargic and having difficulty breathing.

17.

On July 1, 2005, at approximately 9:18 pm, while being driven to the ER by her mother, Rashundra stopped breathing.

18.

On July 1, 2005, at approximately 9:25 pm, EMS arrived to find Rashundra with a Pulse rate of 0 (zero) and Respiration rate of 0 (zero).

19.

On July 1, 2005, at approximately 9:43 pm, Rashundra arrived at Hughes Spalding Children's Hospital and was unresponsive with both pupils fixed and dilated.

20.

Rescucitative efforts were unsuccessful and Rashundra was pronounced dead at 9:59p.m.

21.

Subsequent autopsy revealed that Rashundra died of acute bronchopnueumonia, which is preventable upon the administration of 4 complete doses of the Hib and Prevnar vaccines.

## III. Medical Malpractice

22.

The Plaintiff specifically reasserts and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above as if fully set forth herein.

23.

The Defendants are all joint tort feasors. As a direct and proximate result of the joint and several negligence of all the above named Defendants, Rashundra Whitehead suffered physical and emotional pain and suffering, and ultimately death.

24.

Defendants West End Medical Center, Inc., Cannon, Hall, Garmon & Washington owed a duty to provide that degree of care provided by physicians generally under the same or similar circumstances as those presented to them by Rashundra. These Defendants breached that duty by failing to administer the 4th doses of the Hib and Prevnar Vaccines.

25.

Defendants West End Medical Center, Inc. and Hall owed a duty to provide that degree of care provided by physicians generally under the same or similar circumstances as those presented to them by Rashundra on July 1, 2005. This Defendant breached that duty by failing to perform an adequate work-up for a fever of 104.4 degrees Fahrenheit.

26.

Pursuant to O.C.G.A. § 9-11-9.1, the Plaintiff attaches as Exhibit "1" and incorporate by reference, the affidavit of Armando Correa, M.D. a duly qualified pediatrician. competent to testify in this matter, setting forth at least one particular act of negligence by Defendants Drs. Cannon, Hall, Garmon and Washington and thus fulfilling the requirement of O.C.G.A. § 9-11-9.1 as to these Defendants.

27.

Plaintiff attaches as Exhibit "2" an authorization for these Defendants to obtain Rashundra's medical records.

## IV. DAMAGES – WRONGFUL DEATH, PAIN AND SUFFERING

28.

Plaintiff specially reasserts and incorporate by reference each and every allegation contained in Paragraphs 1 through 27 as if fully set forth herein.

29.

All of the named Defendants are joint tort feasors. Their negligence jointly, and severally and proximately caused Rahundra Whitehead's death.

30.

Rashawn Butler and Robert Whitehead, Individually and as natural parents of Rashundra Whitehead, and Rashawn Butler as personal representative of Rashundra Whitehead are authorized to bring this wrongful death action and personal injury claim.

31.

As a result of the negligence of these Defendants as described herein above, Rashundra Whitehead suffered physical pain, suffering, emotional distress and died. Also, the estate of Rashundra Whitehead incurred medical, funeral and burial expenses.

32.

WHEREFORE, the Plaintiff prays:

1) That they have a trial by jury;

2) That they have issuance of service of process by law;

3) That a judgment be entered against all of the Defendants jointly and severally, as joint tort feasors, and for the Plaintiff in excess of $10,000 for the wrongful death of Rashundra Whitehead and for her pain, suffering, burial and funeral expenses;

4) That all cost be assessed against the Defendants;

5) That they recover all damages permitted by law and determined to be just and proper by this Court.

Page 7

This _27ᵗʰ_ day of June, 2007.

/s/_____

Hezekiah Sistrunk, Jr.
State Bar No. 649413
Audrey Tolson
Georgia Bar No. 714321
Jane Lamberti Sams
Georgia Bar No. 432025

*Attorneys for the Plaintiffs*

COCHRAN CHERRY GIVENS SMITH, SISTRUNK & SAMS, P.C.
800 The Candler Building
127 Peachtree Street, NE
Atlanta, Georgia 30303
(404)222-9922